IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW FARNSWORTH and
MATTHEW MOORE, each on his
own behalf and on behalf of all
others similarly situated                                    PLAINTIFFS

v.                              No. 4:11-cv-619-DPM

WELSPUN TUBULAR LLC and
WELSPUN PIPES INC.                                           DEFENDANTS

## ORDER

The Court appreciates the parties' second joint discovery dispute report. Personnel files of Welspun's president, vice-presidents, and other top dogs are within the letter of the Court's earlier ruling. But they are not within its spirit. The parties' earlier dispute was about how wide to cast the net at the company across departments. Information about higher-ups was not discussed; and the Court did not think about that issue when ruling.

The Court does not see how personnel files from senior management are relevant to any issue in the case, much less to the collective-action issues. Requiring production seems mostly a matter of making senior management uncomfortable. Discovery, however, should not and need not be any more vexing than it must be.

For Welspun senior management — the president, vice-presidents, and most other corporate-office types — the Court directs Welspun to produce the following information: salary, job description, and all other information necessary for plaintiffs to evaluate whether the "highly compensated employee" regulation, 29 C.F.R. § 541.601, applies. Welspun need not produce the entire personnel file for these people at this point.

In the joint report, Welspun also speaks of directors and department heads. *Document No. 38, at 2.* The Court is not sure who these folks are. Personnel files for the various managers listed on the organizational charts provided at the hearing (spiral plant manager, on down, for example) need to be produced. The personnel file of any person involved in deciding whether positions were exempt or non-exempt needs to be produced, too. This should hold regardless of job title. The Court sees some potential relevance in the materials about decisionmakers. And of course, plaintiffs are entitled to the entire file of any person, irrespective of title, who supervised or had some say about particular employees' work hours.

The Court encourages the parties to keep collaborating.

-2-

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_17 May 2012_