IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW FARNSWORTH, MATTHEW
MOORE, RAMIZ ABDALALLA, KHALID
ABDULHUSSEIN, WISSAM ALOBAIDI, and
MARK STEPHENS, each on his own behalf and
on behalf of all others similarly situated                    PLAINTIFFS

v.                          No. 4:11-cv-619-DPM

WELSPUN TUBULAR LLC and
WELSPUN PIPES INC.                                            DEFENDANTS

ORDER

The Plaintiffs move to certify a collective action pursuant to 29 U.S.C. § 216(b) and to send court-approved notice. They propose a breathtakingly broad class: all current and former Welspun employees in Arkansas who were classified as salaried at some point during the three years before this case was filed. *Document No. 68-18, at 1; Document No. 68, at 19–20.* Because the Plaintiffs have failed to meet the lenient standard imposed at this stage, the motion is denied.

In proposed collective actions, this Court follows the two-step process used by a majority of district courts in the Eighth Circuit. First, the Court conditionally certifies the class to proceed as a collective action at the notice

stage. At the conclusion of discovery, the Court then permits motions to decertify. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, MDL Docket No. 1:07-cv-1832, 2008 WL 4877239, at *2 (W.D. Ark. 13 Mar. 2008) (collecting cases); *McQuay v. American Int'l Group, Inc.*, No. 4:01-cv-661-WRW, 2002 WL 31475212, at *2 (E.D. Ark. 25 Oct. 2002).

At the notice stage, the Court examines the pleadings and affidavits and uses a fairly lenient standard to determine whether the proposed class members are similarly situated. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003). The named Plaintiffs must make a modest factual showing that "[they] and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion." *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007); *see also Freeman*, 256 F. Supp. 2d at 944–45. But "unsupported assertions of widespread violations are not sufficient." *Freeman*, 256 F. Supp. 2d at 945.

Factors relevant to the similarly situated inquiry include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all the salaried employees were subjected to the same policies and practices; and (5) the extent to which the alleged violations are similar. *Smith v. Frac Tech Servs., Ltd.*, No. 4:09-cv-679-JLH, 2009 WL 4251017, at *4 (E.D. Ark. 24 Nov. 2009); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217–19 (11th Cir. 2001).

Although Plaintiffs speak of these factors, they make little effort to apply them—probably because to do so for the broad and varied class of proposed plaintiffs would be well-nigh impossible. Plaintiffs' argument relies primarily on two things. First, in 2011 Welspun reclassified many of the employees in Plaintiffs' subdepartment. They allege that they were reclassified even though none of their job duties changed. Therefore, their argument goes, the original classification must have been incorrect. The Plaintiffs have no evidence of misclassficiations in other departments. Instead, they ask the Court to infer that misclassifications exist. But the fact that this small fraction of employees in a particular subdepartment allege that

-3-

they were misclassified "provides almost no evidence that the *reason* that these employees were [misclassified] was because of an unlawful companywide policy." *Saleen v. Waste Management, Inc.*, 649 F. Supp. 2d 937, 941 (D. Minn. 2009) (emphasis original).

Second, the Plaintiffs rely on Matthew Farnsworth's listing of forty-five other employees—across multiple departments and with a host of varying jobs—who he alleges are similarly situated to him. Farnsworth gives no information about how he arrived at this conclusion. Although the burden of proof at the notice stage is light, plaintiffs still "have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[ ] in the broad class that they propose[.]" *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). The subdepartment reclassifications and Farnsworth's opinion—unsupported and unexplained as it is—are insufficient to meet this modest burden. Because the named Plaintiffs have not shown that they are similarly situated to the broad range of potential class members they want to make part of this case, their motion, *Document No. 67*, is denied.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

16 August 2012